IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLES S. RAMON LLC | § § § | |
| V. | § | CIVIL NO. 5:23-cv-1171 |
| | § § | |
| ESTRELLA PROVIDER SERVICES, LLC | § § § § § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Charles S. Ramon LLC files this Original Complaint against Estrella Provider Services, LLC, and in support thereof alleges the following:

### Parties

1. Plaintiff Charles S. Ramon LLC is a limited liability company organized under the laws of Texas with a principal place of business at 2301 San Fernando St., San Antonio, Texas 78207.

2. Defendant Estrella Provider Services, LLC is a limited liability company organized under the laws of Texas with a principal place of business at 107 Calle Del Norte Ste 17, Laredo, Texas 78041, and may be served by serving its registered agent Jose Gonzalez at the company's registered address, 3820 Cedar Ave., Laredo, Texas 78041, at the company's principal place of business, or wherever he may be found.

### Jurisdiction and Venue

3. This is an action for unfair competition pursuant to the Federal Lanham Act, Title 15 U.S.C. § 1051 *et seq.*, and trademark infringement under Texas Law. This Court has

jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. §1391(b) because Defendant, for purposes of the venue statute, resides in the Western District of Texas, and a substantial number of events giving rise to the claims occurred within this district.

**Facts**

5. Plaintiff is a home care and adult day care provider based in San Antonio, Texas.

6. Plaintiff does business using the trademarks LA ESTRELLA, LA ESTRELLA ADULT DAY CARE, and LA ESTRELLA HOME CARE (collectively the "LA ESTRELLA Marks").

7. Plaintiff uses its LA ESTRELLA Marks to provide adult day care services in San Antonio.

8. Plaintiff has continuously used its LA ESTRELLA Marks to provide adult day care services in San Antonio since at least as early as June 1996.

9. Plaintiff also uses its LA ESTRELLA Marks to provide home care services in San Antonio and the surrounding area, including, but not limited to, Bexar County, Atascosa County, Medina County, Wilson County, Karnes County, and all surrounding counties.

10. Plaintiff's home care services include, but are not limited to, the following:



11. Plaintiff has continuously used the LA ESTRELLA Marks to provide home care services since at least as early as June 2002.

12. Plaintiff has continuously developed and maintained common law trademark rights in the LA ESTRELLA Marks for adult day care centers and home care services since at least as early as 1996.

13. Plaintiff has developed valuable goodwill in its LA ESTRELLA Marks by providing high quality, compassionate, and caring adult day care and home care services using its LA ESTRELLA Marks.

14. Plaintiff has built strong brand recognition for its LA ESTRELLA Marks amongst consumers by advertising using its LA ESTRELLA Marks in magazines, including, but not limited to, Street Talk Magazine, and radio, including but not limited to, Jalapeno KEDA, Norteño KSAH, and Tejano KLEY.

15. Plaintiff also uses its LA ESTRELLA Marks to promote its adult day care and home care services online via its website and social media accounts.

16. Plaintiff owns enforceable trademark rights in its LA ESTRELLA Marks.

17. Defendant is a home care provider, originally based in Laredo, Texas.

18. Defendant has expanded its services from Laredo, Texas into San Antonio, Texas and the surrounding area.

19. Defendant uses the trademark ESTRELLA PROVIDER SERVICES in connection with its home care services.

20. The services Defendant provides using the ESTRELLA PROVIDER SERVICES mark are identical, or nearly identical, to the home care services Plaintiff provides using its LA ESTRELLA Marks.

21. Defendant's home care services include, but are not limited to, the following:



22. Defendant promotes its home care services using the ESTRELLA PROVIDER SERVICES mark online via its website and social media accounts.

23. A Google® search for *La Estrella home care* provides results for both Plaintiff and Defendant, as shown below:



24. Plaintiff and Defendant are direct competitors competing for the same clients and contracts.

25. Plaintiff and Defendant use their respective LA ESTRELLA Marks and ESTRELLA PROVIDER SERVICES mark in the same channels of trade.

26. Defendant's use of the ESTRELLA PROVIDER SERVICES mark is causing confusion with Plaintiff's LA ESTRELLA Marks.

27. More specifically, Plaintiff has an intake unit that works with potential clients.

28. Plaintiff's intake unit assists potential new clients with obtaining coverage for Personal Assistance Services from Health and Human Services ("HHSC") or a Managed Care Organization ("MCO").

29. Plaintiff's potential clients tell the appliable HHSC and/or MCO that they want to be placed with LA ESTRELLA.

30. Since about September 2022, at least six of Plaintiff's potential clients have been mistakenly placed by HHSC and MCO organizations with Defendant.[1]

31. Based on information and belief, HHSC and MCO organizations maintain a list of providers for the San Antonio, Texas region that includes both Plaintiff LA ESTRELLA HOME CARE and Defendant ESTRELLA PROVIDER SERVICES.

32. HHSC and/or MCO organizations have placed Plaintiff's potential clients with Defendant, despite Plaintiff's potential clients requesting and expecting to be placed with Plaintiff.

33. Based on information and belief, HHSC and MCO organizations have mistakenly placed Plaintiff's potential clients with Defendant because the HHSC and/or MCO mistakenly thought Defendant was Plaintiff, or was affiliated with Plaintiff, due to the similarity between Plaintiff's LA ESTRELLA Marks and Defendant's ESTRELLA PROVIDER SERVICES mark.

34. Plaintiff sent Defendant a Cease-and-Desist letter on November 9, 2022, notifying Defendant of Plaintiff's trademark rights in its LA ESTRELLA Marks, notifying Defendant that its use of the term, ESTRELLA, was causing actual confusion amongst customers, and requesting Defendant cease use of the term ESTRELLA.

**Count I – Unfair Competition Pursuant to the Lanham Act 15 U.S.C. §1125(a)**

35. The allegations set forth above in the preceding paragraphs are incorporated by reference and fully set forth herein.

36. Plaintiff owns common law trademark rights in its LA ESTRELLA and LA ESTRELLA HOME CARE marks because Plaintiff has continuously used the LA ESTRELLA

---

[1] Due to the sensitive nature of health care information, Plaintiff is not providing specific names in this public filing.

Marks in U.S. commerce since at least as early as 1996 to provide adult day care and home care services.

37. Defendant uses the confusingly similar trademark ESTRELLA PROVIDER SERVICES to provide home care services that are identical, or nearly identical, to Plaintiff's home care services.

38. Plaintiff is the senior user because Plaintiff began using its LA ESTRELLA Marks more than ten years before Defendant began using the confusingly similar ESTRELLA PROVIDER SERVICES mark.

39. Plaintiff's LA ESTRELLA Marks are confusingly similar to Defendant's ESTRELLA PROVIDER SERVICES mark because the dominant portion of the marks, ESTRELLA, is identical in sound, appearance, and meaning.

40. Plaintiff's LA ESTRELLA Marks and Defendant's ESTRELLA PROVIDER SERVICES mark, when viewed in their entireties, have nearly identical commercial impressions due to the combination of the dominant term ESTRELLA with generic terms describing home care services.

41. Plaintiff and Defendant both provide their respective services in San Antonio, Texas and the surrounding area.

42. Plaintiff and Defendant provide their respective services via the same channels of trade to the same targeted consumers.

43. Defendant's use of ESTRELLA PROVIDER SERVICES in connection with its home care services has caused and will continue to cause confusion, mistake and deception as to an affiliation between Plaintiff and Defendant.

44. Defendant's use of ESTRELLA PROVIDER SERVICES in connection with its home care services is likely to cause confusion, mistake, or deception as to an affiliation, connection, association, or approval between Plaintiff and Defendant.

45. Defendant's use of ESTRELLA PROVIDER SERVICES in connection with its home care services constitutes unfair competition pursuant to 15 U.S.C. §1125(a).

46. Plaintiff has invested significant time and resources into developing the goodwill associated with the LA ESTRELLA Marks. The goodwill of the LA ESTRELLA Marks is of substantial value to Plaintiff, and Plaintiff has suffered, and will continue to suffer, irreparable harm should unfair competition by Defendant be allowed to continue.

47. Pursuant to 15 U.S.C. §1116, Plaintiff is entitled to preliminary and permanent injunctive relief to restrain Defendant's unfair competition, including but not limited to any and all use of the infringing mark.

48. Defendant's acts of unfair competition have damaged Plaintiff in an amount not yet determined. Pursuant to U.S.C. § 1117 Plaintiff is entitled to and seeks Defendant's profits, Plaintiff's actual damages, costs of this action, and such additional relief as may be deemed appropriate and awarded by this Court.

49. Defendant's acts of unfair competition have been, and continue to be, deliberate and willful, therefore warranting an award of enhanced damages. Accordingly, Plaintiff is entitled to and seeks a finding that this case is exceptional and warrants an award of attorney fees pursuant to 15 U.S.C. § 1117(a).

**Count II - Texas Common Law Trademark Infringement**

50. The allegations set forth above in preceding paragraphs are incorporated by reference and fully set forth herein.

51. Plaintiff is the owner and senior user of the trademarks LA ESTRELLA and LA ESTRELLA HOME CARE for home care services.

52. Plaintiff has continuously used the LA ESTRELLA Marks in Texas and United States commerce to provide home care services since at least as early as 2002, and adult day care services since at least 1996.

53. Plaintiff owns common law trademark rights in its LA ESTRELLA Marks.

54. Defendant is using the confusingly similar mark ESTRELLA PROVIDER SERVICES to provide home care services that are identical, or nearly identical, to Plaintiff's home care services.

55. Plaintiff began using LA ESTRELLA Marks at least ten years before Defendant began using the infringing ESTRELLA PROVIDER SERVICES Mark.

56. As between Plaintiff and Defendant, Plaintiff is the senior user of the "ESTRELLA" term as it applies to home care services.

57. Plaintiff's LA ESTRELLA Marks are confusingly similar to Defendant's ESTRELLA PROVIDER SERVICES mark because the dominant portion of the marks, ESTRELLA, is identical in sound, appearance, and meaning.

58. Plaintiff's LA ESTRELLA Marks and Defendant's ESTRELLA PROVIDER SERVICES mark, when viewed in their entireties, have nearly identical commercial impressions due to the combination of the dominant term ESTRELLA with generic terms describing home care services.

59. Plaintiff and Defendant provide their respective services in San Antonio and the surrounding area.

60. Plaintiff and Defendant provide their respective services via the same channels of trade to the same targeted consumers.

61. Defendant's services are identical, or nearly identical, to Plaintiff's services.

62. Defendant's use of ESTRELLA PROVIDER SERVICES in connection with its home care services has caused and will continue to cause confusion, mistake and deception as to an affiliation between Plaintiff and Defendant.

63. Defendant's use of ESTRELLA PROVIDER SERVICES in connection with its home care services is likely to cause confusion, mistake, or deception as to an affiliation, connection, association, or approval between Plaintiff and Defendant.

64. Defendant's acts constitute common law trademark infringement pursuant to Texas law.

65. Defendant's acts of trademark infringement have damaged Plaintiff in an amount not yet determined. Plaintiff seeks Defendant's profits, Plaintiff's actual damages, costs of this action, and such additional relief as may be deemed appropriate and awarded by this Court.

66. Plaintiff has invested significant time and resources into developing the goodwill associated with its LA ESTRELLA marks. The goodwill of the LA ESTRELLA marks is of substantial value to Plaintiff, and Plaintiff has suffered, and will continue to suffer, irreparable harm should trademark infringement by Defendant be allowed to continue.

67. Plaintiff is entitled to, and respectfully requests, preliminary and permanent injunctive relief to restrain Defendant's trademark infringement, including, but not limited to, enjoining any and all use of Defendant's infringing mark.

68. Defendant's acts of trademark infringement have been, and continue to be, deliberate and willful, therefore, warranting an award of enhanced damages.

69.     Plaintiff is entitled to and seeks a finding that this case warrants an award of attorney fees.

## Jury Demand

Plaintiff hereby demands a trial by jury for all triable issues alleged in this Complaint.

## Prayer

WHEREFORE, Plaintiff Charles S. Ramon LLC respectfully prays that this Court enter judgement as follows:

(a)     Defendant, and all other persons in active concert and/or participation with Defendant, be permanently enjoined from engaging in the acts of trademark infringement and unfair competition complained of herein, including but not limited to, ceasing use of ESTRELLA PROVIDER SERVICES, and/or any confusingly similar mark containing the term ESTRELLA;

(b)     Defendant pay Plaintiff all profits attributable to Defendant's trademark infringement and unfair competition and all actual damages suffered by Plaintiff as a result of Defendant's trademark infringement and unfair competition;

(c)     Finding this case is an exceptional case and awarding Plaintiff enhanced damages and attorney fees;

(e)     Awarding Plaintiff prejudgment and post-judgment interest;

(f)     Awarding Plaintiff costs of Court; and

(g)     For such other and further relief to which Plaintiff shows itself to be justly entitled.

| | |
|---|---|
| Dated: September 20, 2023 | Respectfully Submitted |
| | |
| | GUNN, LEE & CAVE, P.C.<br>300 Convent St., Suite 1080<br>San Antonio, Texas 78205<br>(210) 886-9500 Telephone<br>(210) 886-9883 Facsimile |
| | By: */s/ John C. Cave*_____<br>John C. Cave<br>Texas Bar No. 00783812<br>john.cave@gunn-lee.com |
| | Brandon T. Cook<br>Texas Bar No. 24084166<br>bcook@gunn-lee.com |
| | **ATTORNEYS FOR PLAINTIFF** |